**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>ASHWINKUMAR PATEL, an individual; and KALAVATIBEN PATEL, an individual,<br><br>*Defendants*. | Civil Action No. 16-1707<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Knight's Franchise Systems, Inc.'s ("KFS" or "Plaintiff") unopposed motion for default judgment against Defendants Ashwinkumar Patel ("A. Patel") and Kalavatiben Patel ("K. Patel") (collectively "Defendants") under Federal Rule of Civil Procedure 55(b). The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

## II. FACTS[1] AND PROCEDURAL HISTORY

On or about June 10, 1998, KFS entered into a Franchise Agreement (the "Agreement") with Defendants for the operation of a 55-room Knights Inn® guest lodging facility (the "Facility") located at 6090 N. Blackstone Avenue, Fresno, CA 93710. D.E. 1, Complaint ("Compl.") at ¶ 7. A. Patel and K. Patel agreed to operate a Knights® guest lodging facility for a fifteen-year term and to make certain payments to KFS "for royalties, service assessments, taxes, interest, reservation system user fees, and other fees," which the Agreement collectively referred to as "Recurring Fees." *Id.* at ¶ 9. According to the Agreement, Defendants owed interest to KFS on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever was less, accruing from the due date until actual payment. *Id.* at ¶ 10.

Defendants were required to prepare and submit monthly reports to KFS disclosing, among other things, the amount of gross room revenue earned by Defendants at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees. *Id.* at ¶ 11. Furthermore, according to the Agreement, Defendants were required to maintain accurate financial information, including books, records, and accounts relating to the gross room revenue of the Facility and agreed to allow KFS to examine, audit, and make copies of the entries of these books. *Id.* at ¶ 12.

The Agreement provided that it could be terminated with notice to A. Patel and K. Patel for various reasons, including A. Patel and K. Patel's (1) failure to pay any amount due KFS under the Agreement, (2) failure to remedy any other default of their obligations or warranties under the Agreement within 30 days after receipt of written notice from KFS specifying one or more defaults

---

[1] The facts of this matter derive from the complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See* D.E. 20.

2

and/or (3) receipt of two or more notices of default under the Agreement in any one-year period, whether or not the defaults were cured. *Id.* at ¶ 13. In the event of a termination, Defendants agreed to pay liquidated damages in accordance with the formula specified in the Agreement. *Id.* at ¶ 14. The Agreement provided that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." *Id.* at ¶ 15.

On or around September 29, 2006, after Defendants repeatedly failed to timely meet their financial obligations to KFS, KFS instituted litigation for outstanding Recurring Fees owed pursuant to the Agreement. *Id.* at ¶ 16-17. On or around November 30, 2007, judgment was entered against Defendants in the amount of $35,966.94. Of this amount, $29,520.00 represented Recurring Fees. *Id.* at ¶ 18.

On April 24, 2009, KFS sent Defendants a letter stating they were in breach of the Agreement and owed KFS approximately $86,771.12 in outstanding Recurring Fees. *Id.* at ¶ 19. The letter stated the Defendants had thirty days to cure this monetary default or face possible termination of the Agreement. *Id.* On June 25, 2009, KFS sent a letter to Defendants advising that Defendants were in breach of the Franchise Agreement because they owed KFS approximately $90,734.37 in outstanding Recurring Fees. *Id.* at ¶ 20. The letter reiterated that Defendants had thirty days to cure this default or the Agreement might be terminated. *Id.* Then, on September 15, 2009, KFS advised Defendants by letter that they were still in breach of the Agreement because they owed KFS approximately $96,614.27 in outstanding Recurring Fees. *Id.* at ¶ 21. Again, the letter stated Defendants had thirty days to cure this monetary default or the Agreement could be terminated. *Id.* Finally, on April 2, 2010, KFS terminated the Franchise agreement by letter, effective April 2, 2010. *Id.* at ¶ 22. KFS advised Defendants that they were required to pay KFS

$55,000.00 as liquidated damages for premature termination and all outstanding Recurring Fees through the date of termination. *Id.*

On March 29, 2016, KFS filed a five-count complaint against Defendants seeking payment of certain Recurring Fees, liquidated damages, interest, attorneys' fees, and costs of suit owed pursuant to the terms of the Agreement. After diligent efforts and inquiry, KFS was unable to locate Defendants to personally serve the summons and complaint. D.E. 20-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default (hereinafter "Couch Cert.") at ¶ 5. On August 22, 2016, KFS served Defendants with the summons and complaint via regular mail and certified mail, return receipt requested. *Id.* ¶ 6. Defendants failed to answer, move, or otherwise respond. *Id.* ¶ 7. On October 6, 2016, default was entered against Defendants, and KFS served a copy of the default on Defendants via letter that same day. *Id.* at ¶ 8-9. On October 28, 2016, KFS filed its first motion for default judgment. *Id.*

This Court denied KFS's motion for default judgment on March 7, 2017, for failure to effectuate service within 30 days of the issuance of the summons and complaint. D.E. 8. KFS then filed a motion seeking permission to re-serve Defendants, D.E. 9, which the Court granted. D.E. 12. A July 5, 2017 Order granted KFS a 30-day extension of time to re-serve Defendants with the summons and complaint. D.E. 14. On July 17, 2017, KFS re-served Defendants with the summons and complaint via regular mail and certified mail, return receipt requested. *See* Couch Cert. at ¶15. Additionally, on July 24, 2017, KFS submitted an affidavit of service, detailing efforts made to personally serve Defendants. D.E. 15. KFS left copies of the summons and complaint with a purported co-worker of both Defendants. *Id.* Affiant Cynthia R. Lee writes: "We believe [Defendants] are aware of this lawsuit and through [their attorneys], agents, employees or relatives [are] attempting to evade service in this matter." *Id.*

4

KFS then submitted a request for default, D.E. 16, which the Clerk entered. The Court then directed KFS to move for default judgment; KFS filed the instant motion on October 24, 2017. D.E. 20.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see*

5

*also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### i. **Subject Matter Jurisdiction**

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a Delaware corporation with a principal place of business in New Jersey. Compl. at ¶ 1. The Complaint indicates that A. Patel and K. Patel are citizens of California. *Id.* at ¶¶ 2-3. Damages alleged are in excess of $75,000. *Id.* at ¶¶ 4, 32, 40, 44. Accordingly, the Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

#### ii. **Personal Jurisdiction**

"The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, No. 11–5185, 2011 WL

5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F.Supp.2d 465, 469 (D.N.J. 1998) (opining that personal jurisdiction can be established solely through a forum selection clause in place of a due process analysis). In this instance, Defendants consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." Compl. at ¶ 5. The Court sees no reason why this freely agreed-upon consent to personal jurisdiction in New Jersey should not be enforced. Therefore, the Court has personal jurisdiction over Defendants.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Federal Rule of Civil Procedure 4 governs service of a summons and complaint.

If, despite a diligent effort and inquiry, personal service cannot be made because the Defendant cannot be located, then *in personam* jurisdiction may be obtained over a defendant by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . the individual's dwelling house or usual place of abode." N.J. Ct. R. R. 4:4-4(b)(C); *see also Travelodge Hotels, Inc. v. CPK, Inc.*, No. 13-4796, 2014 WL 2611836 at *2 (holding that service by mail must be made by registered or certified mail, return receipt requested, and simultaneously by ordinary mail).

Here, KFS forwarded the summons and complaint to Recon Management Group to effect service upon Defendants. Couch Cert. at ¶ 4. Recon made diligent efforts and inquiry, but was

7

unable to locate Defendants. *Id.* at ¶ 5. Then, by regular and certified mail with return receipt requested, KFS served Defendants with the Summons and Complaint on July 17, 2017. *Id.* at ¶15. As such, the Court finds both Defendants were properly served.

### C. Sufficiency of Causes of Action and Damages

Plaintiff alleges causes of actions for breach of contract seeking damages for the Recurring Fees, liquidated damages, and interest.[2] Compl. at ¶¶ 16-44. "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

Here, Plaintiff adequately pleaded the elements of breach of contract. Plaintiff pleaded (1) the existence of a valid contract between Plaintiff and Defendants, (2) that Defendants breached the Agreement by failing to pay Recurring Fees and liquidated damages, and (3) that Plaintiff was harmed by Defendants' breach through nonpayment of the Recurring Fees and liquidated damages. Plaintiff also adequately pled that it was in compliance with the Agreement. Plaintiff has adequately submitted proof of damages through an affidavit and exhibits demonstrating that $145,487.36 is owed in Recurring fees and $55,000.00 in liquidated damages, plus interest. Fenimore Affidavit at ¶ 19-26; *see Moroccanoil*, 2015 WL 6673839, at *2 ("Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages."). Accordingly, Plaintiff has sufficiently alleged a cause of action for breach

---

[2] The Complaint also seeks damages for "attorneys' fees and costs of suit," however, it does not appear that Plaintiff seeks those amounts in its motion for default judgment. *See* Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Affidavit S.F.") at ¶¶ 16-24.

8

of contract establishing Defendants' liability and damages owed for purposes of this default judgment motion.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Defendants repeatedly did not timely pay the Recurring Fees, even after KFS sent them three warning letters of possible termination of the Agreement. Second, Plaintiff has been prejudiced by Defendants' failure to answer. Without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendants' failure to answer, without providing any reasonable explanation, demonstrates their culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-CV-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### E. Remedies

Plaintiff seeks a total of $275,311.44. Fenimore Affidavit at ¶ 27. That amount consists of $145,487.36 in Recurring Fees, including principal and prejudgment interest, and $129,824.08 in liquidated damages, including principal and prejudgment interest. *Id.* at ¶¶ 19, 24-26. The Recurring Fees are made up of certain charges that were due pursuant to the Agreement, which have been itemized and submitted (inclusive of interest) in support of Plaintiff's motion. *See* Ex. F to Fenimore Affidavit. Under the Agreement, liquidated damages are calculated by multiplying the number of guest rooms in the Facility by $1,000.00. Fenimore Affidavit at ¶ 24. At the time that Defendants breached the Agreement, 55 guest rooms were in operation, totaling liquidated damages at $55,000.00. *Id.* The Agreement provides that interest is 18% per year bringing the total amount of interest owed on the liquidated damages to $74,824.08.[3] *Id.* at ¶26. Defendants have not appeared in this matter, and as a result, there is no evidence before the Court to contest the accuracy of the damages sought by Plaintiff. Accordingly, Plaintiff is entitled to $275,311.44 in damages.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate Order accompanies this opinion.

Dated: November 8, 2017

John Michael Vazquez, U.S.D.J.

---

[3] Interest was calculated as of the anticipated return of this motion, November 20, 2017. Fenimore Affidavit ¶ 27.